IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**VICTOR FORTUNATO-IRIZARRY,**

*Petitioner,*

v.

**NICANOR CARO-DELGADO, et al.,**

*Respondent.*

**CIVIL NO. 16-2930 (DRD)**

**OPINION AND ORDER**

Pending before the Court is Petitioner, Victor Fortunato-Irizarry's *Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254* (Docket No. 31) and the United States of America's response by *Motion to Dismiss* (Docket No. 49). For the reasons stated herein, the Court **DENIES** the Mr. Fortunato-Irizarry's request under § 2254 (Docket No. 31) and **GRANTS** the Government's *Motion to Dismiss* (Docket No. 49). The Court briefly explains.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Fortunato-Irizarry is a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico. The Petitioner "was charged as a[n] habitual offender before the Puerto Rico Court of First Instance ("CFI") for several violations to the Weapons Act and for an infraction to Article 15 of the Vehicular Property Act, 9 L.P.R.A., Sec. 3214, and for marketing stolen auto parts." Docket No. 49 at 2.  He stood trial and was found guilty of the charges. Accordingly, the Petitioner was sentenced on December 14, 2006 and February 7, 2007 by the CFI to permanent separation from society. *See* Related Civil Case No. 10-1894 (JAG), Docket No. 36, Slip Copy. The Petitioner did not pursue a state appeal. Thus, the state sentences became

final and unappealable effective March 12, 2007.[1] Mr. Fortunato's *Petition* under § 2254 arises from his conviction and sentence.

The Court adopts by reference the following facts that were described by Honorable Judge Jay Garcia Gregory in *Opinion and Order* in related civil case no. 10-1894 (JAG), Docket No. 36,

> On October 20, 2008, Fortunato-Irizarry filed a motion with the Court of First Instance under Rule 192.1 of the Rules of Criminal Procedure for the Commonwealth of Puerto Rico. In said motion, Fortunato-Irizarry alleged ineffective assistance of counsel for failure to appeal Petitioner's conviction and sentence; that his conviction was obtained through the use of fabricated evidence and perjured testimony; bias on behalf of the presiding judge; an illegal detention by the federal authorities. No other allegations were raised. On November 3, 2008, the Court of First Instance, Ponce Part, issued its resolution and order denying Petitioner's 192.1 Motion without a hearing or written opinion. (D.E. 31-4 in related civil case no. 10-CV-1894 (JAG).
>
> On November 20, 2008, Fortunato-Irizarry filed before the Court of Appeals San Juan Judicial Region a motion which he termed Appeal. (D.E. 31-4 in related civil case no. 10-CV-1894 (JAG)). In said Appeal, Fortunato-Irizarry appeal the trial court's denial of the Rule 192.1 motion. Petitioner raised three errors: the Court of First Instance erred in denying Petitioner's motion 'without stating any legal argument; the Court of First Instance erred 'for failing to summon the parties to an open hearing'; and the Court of First Instance erred in ignoring that his attorneys did not represent him effectively and properly by failing to perfect the appeal against his conviction. (D.E. 31-5 at p. 7 in related civil case no. 10-CV-1894 (JAG)).
>
> On January 30, 2009, the Court of Appeals San Juan Judicial Region Panel 1, issued its decision on the matter (D.E. 31-6 in related civil case no. 10-CV-1894 (JAG)). In its decision, the Court made clear that a motion filed under Rule 192.1, due to its extraordinary nature, could not be used in lieu of an appeal. The Court further noted that this was a second appeal filed by Fortunato-Irizarry in which he tried to impugn the trial court's decision using the same arguments; thus, the motion was denied (D.E. 31-6 at pp. 4-5- in related civil case no. 10-CV-1894 (JAG)).
>
> On February 12, 2009, Fortunato-Irizarry filed a Writ of Certiorari before the Supreme Court of Puerto Rico (D.E. 31-8 in related civil case no. 10-CV-1894 (JAG)).

---

[1] March 10, 2007 was a Saturday.

> In said Certiorari, Petitioner raised the following errors: that the Court of Appeals made a serious legal error in denying the Writ of Certiorari on the grounds stated in case KLN20081971; that a miscarriage of justice occurred by Petitioner being imprisoned in a federal prison in Puerto Rico for three days prior to appearing before a judge that a miscarriage of justice occurred when Petitioner informed the Court of First Instance that he waved representation of his counsel at trial, and was removed from the court room for doing so; and finally, that retained counsel was ineffective by not filing an appeal of his conviction and sentence (D.E. 31-8 at pp. 7-8 in related civil case no. 10-CV-1894 (JAG)). On October 30, 2009, the Supreme Court of Puerto Rico issued its Resolution in which Fortunato-Irizarry's Petition for Certiorari was denied. (D.E. 31-9 in related civil case no. 10-CV-1894 (JAG)).

Docket No. 49-1 at pp. 4-6. The Court finds imperative to point out that in its decision, the Puerto Rico Court of Appeals made reference to a previous writ numbered KLAN200801912 wherein the Petitioner also appealed the judgment entered by the CFI on November 3, 2008, listing the same errors as the above referenced Writ of Certiorari. Said writ was denied by another panel. *See* Docket No. 31-6 at p. 3 in related case no. 10-CV-1894 (JAG).

Thereinafter, on September 16, 2010, Mr. Fortunato-Irizarry filed a § 2254 Petition wherein he attacks his December 14, 2006 and February 7, 2007 conviction and sentences by alleging the following irregularities:

(1) <u>The sentence was obtained because the prosecution did not fulfill its constitutional duty to reveal evidence in Fortunato-Irizarry's favor</u>;

(2) The conviction was obtained by use of the perjured testimony of undercover police officers who fabricated evidence and reports against Petitioner;

(3) The conviction was obtained by the use of fabricated evidence by the prosecutor and prosecutor's perjured statements to the Court of First Instance;

(4) The presiding judge of Petitioner's trial was deemed to be corrupt by Petitioner and also took retaliatory measures against Petitioner, which affected his right to due process;

3

(5) Petitioner was wrongfully held in federal prison for various days without access to a hearing or to an attorney, and was subsequently transferred to state jurisdiction without a[n] habeas corpus petition;

(6) <u>Ineffective assistance of counsel</u> by Petitioner's retained counsel[] in that they did not pursue a state appeal of his conviction and sentence nor did his retained counsel[] pursue the alleged unlawful federal detention;

(7) Speedy trial violations as to the terms for preliminary hearing;

(8) The evidence obtained against Petitioner was fruit of an alleged illegal search and seizure;

(9) Upon Petitioner's arrest by the Municipal Police of Bayamon, Puerto Rico, the same attempted to 'murder' Fortunato-Irizarry by leaving him handcuffed in a locked vehicle with the windows up and no air conditioner.

Related Civil Case No. 10-1894 (JAG), Docket No. 36. (emphasis ours). On October 15, 20012, the Petition was ultimately denied as the District Court found that "Petitioner has failed to show that he exhausted either of the local post-conviction remedies as to eight (8) of his nine (9) allegations in his 2254 petition." *Id.* at 8. Accordingly, although the Petitioner had raised some arguments in his Rule 192.1 motion and others in his appeal he "ha[d] not been consistent in presenting them from start to finish as required by state law." *Id.* at 8, fn. 5. However, the District Court found that "[t]he only allegation which the record reflects Petitioner complied with the exhaustion requirement is allegation number (6) – ineffective assistance of counsel. The remaining allegations raised by Petitioner in his 2254 habeas corpus have not been alleged throughout the complete state judicial system." *Id.* Yet, as "[t]he Supreme Court has made it clear that if each claim in a petition for a writ of habeas corpus has not been exhausted, the district court must dismiss the entire mixed petition. *Gonsalves v. Thompson*, 396 F.Supp.2d 36 at 43 (D.Mass. 2005) citing *Rose v. Lundy*, 455 U.S. 509 (1982)," the Court dismissed the entire petition for failing to

4

exhaust state court remedies. *Id.* at 9. As the Petitioner did not request a stay and abeyance during the federal proceedings, no stay was placed by the District Court, thus, the statute of limitations of one year was not stayed pending the federal proceedings.

Subsequently, on November 4, 2016, Mr. Fortunato-Irizarry filed the instant Petition in the Spanish language. *See* Docket No. 3. As the Court found that "pursuant to 18 U.S.C. § 3006A(a)(2)(B) and the [] CJA 23 form [filed by the Petitioner], the "interests of justice" required that [Petitioner] be appointed counsel, the Court proceeded to do so. *See* Docket No. 13. The *Application for Habeas Corpus Under 28 U.S.C. § 2254* was ultimately filed by appointed counsel on August 9, 2019. *See* Docket No. 31. The arguments set forth by the Petitioner are: (a) the imposed sentences are unlawful, in violation of Petitioner's constitutional rights; and (b) ineffective assistance of counsel. *See Id.*

## II.      LEGAL ANALYSIS

### A.      *28 U.S.C. § 2254 Statute of Limitations*

28 U.S.C. § 2244(d)(1) sets a one-year statute of limitations for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period runs from the latest of (a) the date the judgment became final; (b) the date an unlawful impediment created by State action is removed; (c) the date a retroactive constitutional right is newly recognized by the Supreme Court; (d) or the date on which the factual predicate of the claim could have been discovered by exercise of due diligence. 28 U.S.C. § 2244(d)(1).

"[The First Circuit] ha[s] held that the one-year limitations period in § 2244(d)(1) may be equitably tolled." *Cordle v. Guarino,* 428 F.3d 46, 48 (1st Cir. 2005); *see Neverson v. Farquharson,* 366 F.3d 32, 41 (1st Cir.2004). "[E]quitable tolling, if available at all, is the exception rather than

the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001). Likewise, "[t]he party who seeks to invoke equitable tolling bears the burden of establishing the basis for it." *Id.* "It is reserved for cases in which circumstances beyond the litigant's control have prevented him from promptly filing." *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002)

As Petitioner does not allege (b), (c), or (d) are applicable, the statute of limitations began to run on the date Petitioner's judgment became final, to wit, December 14, 2006 and February 7, 2007, respectively. P.R. Laws Ann., Tit. 34, Ap. II, Rule 134. Therefore, the statute of limitations expired one year later, on March 12, 2008. Had Petitioner filed for state post-conviction relief within the one-year limitation period, the federal habeas corpus statute of limitations would have been tolled while such petitions were pending. 28 U.S.C. 2244 § (d)(2). However, petitioner did not file for state relief until October 20, 2008, after the one-year statute of limitations had already expired.

As the instant petition was filed on November 4, 2016 and the request refers to decisions that became final and unappealable effective on October 30, 2009, it is untimely. Thus, the Court finds that Mr. Fortunato-Irizarry's Petition under § 2254 is time barred.

**B.    *Second or Successive 28 U.S.C. § 2254 Petition***

Pursuant to 28 U.S.C. § 2244(b)(3), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." As previously discussed, Petitioner filed a § 2254 petition before the District Court on September 16, 2010, which was eventually dismissed. *See* Civil Case No. 10-1894 (JAG). The Court notes that the

arguments set forth by the Petitioner, to wit, (a) imposed sentences are unlawful, in violation of Petitioner's constitutional rights; and (b) ineffective assistance of counsel are essentially the same and were previously rejected by the District Court. *See* Related Civil Case No. 10-1894 (JAG), Docket No. 36.

Accordingly, as there is no evidence that Petitioner has moved the First Circuit for an order permitting a second or successive habeas petition, the Court is divested of jurisdiction to entertain the instant Petition.

### III. CONCLUSION

For the reasons elucidated above, the Court determines that Petitioner's *Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254* (Docket No. 31) is **DENIED** based on Petitioner's untimely filing and the filing of a second or successive habeas corpus petition without prior authorization of the First Circuit**.** Accordingly, the United States of America's *Motion to Dismiss* (Docket No. 49) is hereby **GRANTED**. Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2020.

*S/ Daniel R. Domínguez*
Daniel R. Domínguez
U.S. District Judge